NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3592
    Facsimile: (714) 338-3708
    E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>         v.<br><br>AURELIO PATINO,<br>  aka "Augie,"<br>ADILSON REYES,<br>  aka "Shanky,"<br>CHRISTOPHER RUIZ,<br>  aka "Sneaky," and<br>JOSE VILLEGAS,<br>  aka "Torch,"<br><br>        Defendants. | No. ED 18-CR-00250-CJC-1<br><br>STIPULATION RE: PROTECTIVE ORDER<br><br>[PROPOSED ORDER LODGED CONCURRENTLY HEREWITH]<br><br>NO HEARING REQUESTED |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Gregory S. Scally, and defendant Aurelio Patino ("defendant"), both individually and by and through his counsel of record, H. Dean Steward, Deputy Federal Public Defender Callie G. Steele, and Deputy Federal Public Defender Pedro V. Castillo, hereby stipulate that:

1. The government represents that discovery in this matter includes an autopsy report and autopsy photos, and information about incarcerated (and formerly incarcerated) witnesses who have provided information to the government, and that such information is found in multiple parts of the discovery in this case, including in reports of investigation documenting interviews with such witnesses and recordings of interviews with such witnesses. By designating such discovery materials subject to the protective order, the government is representing that issuance of the protective order will (a) greatly reduce the possibility that individuals will misuse the designated discovery materials to identify, intimidate, or harm such witnesses; and (b) serve the public interest by protecting such witnesses, their family members, and other members of the community by reducing the risk of retribution taken against such witnesses by precluding the circulation of the designated materials relating to such witnesses within the prison system and the community.

2. The parties further stipulate, and request the Court to order, that the order cover all documents and media produced in this case, of whatever nature (e.g., printed, digital, etc.), which contain (i) the autopsy report and photos, or (ii) the identity, individually identifiable information, or the statements of such witnesses, including the reports of investigation documenting interviews with such witnesses and recordings of interviews with such witnesses (hereinafter, "PROTECTED INFORMATION").

3. The parties stipulate, and request the Court to order, that only defense counsel identified in this stipulation and who sign this stipulation, defense counsel's agents, and defendant may review the PROTECTED INFORMATION in connection with the defense of this case,

and that defense counsel, defense counsel's agents and defendant may only use the PROTECTED INFORMATION or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

4.  The parties stipulate, and request the Court to order, that the PROTECTED INFORMATION shall only be shared with defendant in the presence of his counsel or his counsel's agents, and that defendant shall not be allowed to possess on his own any PROTECTED INFORMATION, or any portion thereof.

5.  Nothing in this stipulation shall be read to preclude either defense counsel or defense counsel's agents from disclosing facts or other information contained within the PROTECTED INFORMATION to a witness or potential witness for use with respect to the trial in this matter.  Before disclosing any facts or other information derived from the PROTECTED INFORMATION, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of this Protective Order.  That is, any witness or potential witness shall not disclose to any other person or entity any facts or other information derived from the PROTECTED INFORMATION.  Any witness or potential witness may not retain PROTECTED INFORMATION, or any reproduction or copy thereof, after his or her review of such document with defense counsel (or defense counsel's agents) is complete.  Further, any witness or potential witness may not write, make, or retain any notes, or cause any person other than defense counsel (or defense counsel's agents) to write, make or retain any notes that include any PROTECTED INFORMATION.

6.  The parties further stipulate, and request the Court to order, that only defense counsel and defense counsel's agents may

1 make copies of any PROTECTED INFORMATION, and with respect to defense
2 counsel's agents, only if they first, prior to copying any portion of
3 the PROTECTED INFORMATION, receive a copy of the protective order and
4 agree to be bound by the terms of the Court's order prohibiting the
5 disclosure of the PROTECTED INFORMATION to other third parties.
6     7. The parties further stipulate, and request the Court to
7 make its Order applicable to, the PROTECTED INFORMATION contained in
8 all of the discovery produced in this case on or after the date this
9 stipulation is signed. The parties further stipulate, and request
10 the Court to order, that the government shall identify as
11 specifically as possible, including by Bates numbers, disk label,
12 location within hard drive, or description of physical items, all
13 materials provided or to be provided to the defense, or to be made
14 available to the defense for review, by the United States Attorney's
15 Office that are subject to the Order.
16     8. The parties agree that absent an order of the Court,
17 PROTECTED INFORMATION shall not be filed with or submitted to the
18 Court or reproduced in any court filing unless the documents or
19 recordings are placed under seal.
20     9. The parties further agree that, to the extent consistent
21 with counsel's ethical obligations, within 90 days of the conclusion
22 of this criminal matter, defense counsel will collect and destroy any
23 and all copies of the PROTECTED INFORMATION that defense counsel
24 possesses and/or has made and distributed to his agents for the
25 purpose of preparing or presenting a defense in this matter. If
26 consistent with defense counsel's ethical obligations, defense
27 counsel will certify in writing to counsel for the government that
28 the PROTECTED INFORMATION has been destroyed. Litigation of this

4

matter includes any appeal filed by defendant, and any motion that may be filed by defendant pursuant to 28 U.S.C. § 2255.  To the extent that counsel must retain beyond this period any discovery containing the PROTECTED INFORMATION to fulfill his or her ethical obligations, that discovery shall be kept in a safe and secure location.

    10.   Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

//

//

11. Defense counsel has conferred with defendant regarding this stipulation and the proposed order and defendant agrees to the terms of the proposed order.

IT IS SO STIPULATED.

Dated: November 7, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/   Gregory S. Scally
GREGORY S. SCALLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: 11/6/18

_____
H. Dean Steward
Counsel for AURELIO PATINO

_____
Callie G. Steele
Counsel for AURELIO PATINO

_____  PVC
Pedro V. Castillo
Counsel for AURELIO PATINO

I have read this stipulation and the proposed order and have carefully discussed them with my attorney. I agree to the terms of the proposed order.

_____        11·6·18
AURELIO PATINO                     Date
Defendant

6