UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>AURELIO PATINO,<br>   aka "Augie,"<br>ADILSON REYES,<br>   aka "Shanky,"<br>CHRISTOPHER RUIZ,<br>   aka "Sneaky," and<br>JOSE VILLEGAS,<br>   aka "Torch,"<br><br>        Defendants. | No. ED 18-CR-00250-CJC-1<br><br>ORDER |

    Pursuant to the parties' Stipulation Re: Protective Order, the Court hereby FINDS and ORDERS as follows:

    1.   All documents and media produced in this case on or after the date the stipulation is signed, of whatever nature (e.g., printed, digital, etc.), which are (i) the autopsy report and photos, or (ii) which contain the identity, individually identifiable information, or the statements of incarcerated (or formerly

incarcerated) witnesses designated by the government, including the reports of investigation documenting interviews with such witnesses and recordings of interviews with such witnesses, shall be covered by this Order.  The government shall identify as specifically as possible, including by Bates numbers, disk label, location within hard drive, or description of physical items, all materials provided, to be provided to the defense, or to be made available for review by the defense by the United States Attorney's Office, that are subject to this protective order.

  2. Such documents and media shall hereafter be referred to as PROTECTED INFORMATION.

  3. The government contends that this protective order sought will (a) greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, or harm witnesses; (b) serve the public interest by protecting witnesses, their family members, and other members of the community by reducing the risk of retribution taken against witnesses by precluding the circulation of interview reports, statements, and other documents or materials relating to the witnesses within the prison system and the community; and (c) permit the defense to obtain discovery.

  4. Only defense counsel, defense counsel's agents, and defendant Aurelio Patino ("defendant") may review the PROTECTED INFORMATION in preparation of the defense of the case.  Defense counsel, defense counsel's agents and defendant may only use the PROTECTED INFORMATION or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

5. PROTECTED INFORMATION shall only be shared with defendant in the presence of his counsel or his counsel's agents. Defendant shall not be allowed to possess on his own, or copy or photograph, any PROTECTED INFORMATION, or any portion thereof.

6. This order does not preclude defense counsel or defense counsel's agents from disclosing facts or other information contained within the PROTECTED INFORMATION to a witness or potential witness for use with respect to the trial in this matter. Before disclosing facts or other information derived from the PROTECTED INFORMATION, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of this Protective Order. That is, any witness or potential witness shall not disclose to any other person or entity any facts or other information derived from the PROTECTED INFORMATION. Any witness or potential witness may not retain PROTECTED INFORMATION, or any reproduction or copy thereof, after his or her review of such document with defense counsel (or defense counsel's agents) is complete. Further, any witness or potential witness may not write, make, or retain any notes, or cause any person other than defense counsel (or defense counsel's agents) to write, make or retain any notes that include any PROTECTED INFORMATION.

7. Only defense counsel and defense counsel's agents may make copies of PROTECTED INFORMATION, and with respect to defense counsel's agents, only if they first, prior to accessing or copying any of the PROTECTED INFORMATION, receive a copy of the protective order and agree to be bound by the terms of the Court's order prohibiting the disclosure of the PROTECTED INFORMATION to other third parties.

8. The PROTECTED INFORMATION shall not be filed with or submitted to the Court or reproduced in any court filing unless the documents are placed under seal.

9. Within 90 days of the conclusion of this matter, to the extent consistent with defense counsel's ethical obligations, defense counsel will collect and destroy any and all copies of PROTECTED INFORMATION that defense counsel possesses and/or has made and distributed to their agents and/or defendant for the purpose of preparing or presenting a defense in this matter. If consistent with defense counsel's ethical obligations, defense counsel will certify in writing to counsel for the government that the PROTECTED INFORMATION has been destroyed. Litigation of this matter includes any appeal filed by defendant, and any motion that may be filed by defendant pursuant to 28 U.S.C. § 2255. To the extent that counsel must retain beyond this period any discovery containing the PROTECTED INFORMATION to fulfill his or her ethical obligations, that discovery shall be kept in a safe and secure location.

IT IS SO ORDERED.

November 8, 2018
DATE

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE